UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO F. DURAN,<br><br>        Plaintiff,<br><br>   v.<br><br>A. JOHNSON, et al.,<br><br>        Defendants. | 1:14-cv-01337-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER (ECF NO. 18)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Pedro Duran ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 3, 2017, Defendants filed a motion to dismiss. (ECF No. 16). Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days (Local Rule 230(l)), but did not do so. Accordingly, the Court ordered Plaintiff to file an opposition or a statement of non-opposition. (ECF No. 18). Plaintiff did not respond.

This is not the first time Plaintiff has failed to comply with a court order. The Court issued an order to show cause on July 26, 2016, because Plaintiff failed to comply with the Court order directing him to submit service documents. (ECF No. 12). Plaintiff failed to respond to that order to show cause, although it was eventually discharged. (ECF No. 13).

Accordingly, the Court will recommend that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

1

public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). It has been over sixty days since Defendants filed their motion to dismiss, and Plaintiff has not filed a response. Additionally, it took Plaintiff over six months to complete and return the service documents, which was a needless delay.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to Defendants' motion to dismiss, even after being ordered to do so by the Court, that is causing delay. The case is over two and a half years old, and Plaintiff's failure to diligently prosecute the case is delaying the resolution of this case. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any

party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 24, 2017**__　　　　　　　　　/s/ _Erica P. Grosjean_
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE